WASHINGTON COUNTY
    JUDICIAL DEPARTMENT
    150 N FIRST AVENUE
    HILLSBORO, OR  9712

Received in mailbox C

K∅∅∅∅∅ M. Allen
n∅∅ NE Cleaveland St. #21
Gresham, Oregon, 97030

9703085798 C001

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR MULTNOMAH COUNTY
JUVENILE DEPARTMENT

| | | |
|---|---|---|
| Counselor: DHS | ) | DDA: |
| | ) | |
| In The Matter of: | ) | Case Number: 15JU04240 |
| | ) | |
| | ) | Juv. Dept. No.: N/A |
| M - A | ) | |
| | ) | Petition No.: 111283 |
| ~~        ~~    449256 | ) | |
| | ) | **PETITION** |
| A CHILD | ) | |

TO THE ABOVE ENTITLED COURT:

Petitioner, whose name appears below, respectfully represents to the Court as follows:

1.   The name, age, and residence of the above-named child are as follows:

   M . A

   AGE:   7        DOB: ~~      ~~/08
   c/o Department of Human Services

2.   The child is within the jurisdiction of the Court by reason of the following facts:

   The condition and circumstances of the above-named minor child are such as to
   endanger her own welfare or the welfare of others, to-wit:

   A.   The father has a pattern of residential, relationship, and lifestyle instability which
        impair his ability to safely and adequately care for the child.

   B.   Since the jurisdictional trial findings of October 2014 the father has not visited
        with the child or maintained contact with the Department of Human Services,
        indicating that he is unwilling or unable to meet the child's special needs.

   C    Since March of 2014, the father has failed to participate in court-ordered
        therapeutic services designed to help him recognize and reunite the special
        needs of his child.

   D.   The child has been diagnosed as suffering from sexual abuse of a child (by
        history) and neglect of child from history. The father is unable and unwilling to
        meet the child's special needs.

   E.   The father has had no contact with the child since the removal in March 2014,
        despite visitation having been made available to him since November 2014.

   F.   The father has failed to maintain regular communication with the Department of
        Human Services, the custodian of the child.

PETITION 

Case Number: 15JU04240
Juv. Dept. No.: N/A
Page 2

G.   The father has abandoned the child.

3.   Uniform Child Custody Jurisdiction and Enforcement Act Information:

A.   Child's present address:

c/o Department of Human Services

B.   Places the child has lived during the previous five years:

Portland, Oregon

C.   The names and present addresses of persons with whom the child lived during that period:

c/o Department of Human Services

D.   The petitioner has not participated as a party or witness or in any other capacity in any other proceeding concerning the custody of or parenting time or visitation with the child.

E.   Petitioner does not know of a proceeding that could affect the current proceeding.

F.   Petitioner knows of a person who has physical custody of the child or claims rights of legal custody, physical custody, parenting time, or visitation with the child.

Names and address of such person:

c/o Department of Human Services

4.   The child resides in Multnomah County, Oregon

5.   The name and present address of each parent and legal guardian is as follows:

Mother: ~~Shanda~~ Allen, Confidential Address
Father: Benjamin Perkin, Unknown Address

6.   The petition is not filed pursuant to the direction of this Court.

PETITION
A███, M███
**Case Number:** 15JU04240
**Juv. Dept. No.:** N/A
**Page** 3

WHEREFORE, your petitioner prays this Court to have an investigation made of the circumstances concerning the above-named child and to make such order or orders as are appropriate in the circumstances.

STATE OF OREGON          )
                                      ) ss
MULTNOMAH COUNTY    )

I, Akiko Yoshida, **Department of Human Services,** being first duly sworn, on oath or upon affirmation, depose and say that I am the petitioner in the above-entitled proceeding, that I have read the foregoing petition, know the contents thereof, and the same is true as I am informed and believe.

_____
Petitioner s/ Akiko Yoshida

Petition Date: _____ 7 / 17 / 15

SIGNED AND SWORN to before me on ___ July 17 ___ , 2015 ___

_____
s/ Deputy Clerk of the Court

511*253.AY
07/17.*5



*(handwritten: 06/19/15)*

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH
JUVENILE DEPARTMENT

In the Matter of:

~~Alexandrie~~ M.MA., *(handwritten)*

DOB: ~~/08~~

| | |
|---|---|
| Case No.: | 15JU02788 (Mother) |
| Juv. Dept. No. | 2005-81612 |
| Petition No.: | 111188 |
| Petition Date: | 6/2/15 |
| ☒ Original | ☐ Amended |

A true copy of the original/amended petition is attached.

To:  Kristina Allen, DOB: ~~79~~
17899 NE Oregon Street, ~~Apt~~
Portland, OR 97230

**SUMMONS**
**Termination of Parental Rights**

Counselor:  CAU/pb

*(handwritten: Violation)*

**In the Name of the State of Oregon:**

**You are directed to appear in person before this Court,**

**on the 22nd day of July, 2015, at 09:30 o'clock a.m.**

| Judicial Officer: | **Stuart** |
|---|---|

at   Juvenile Court, 1401 NE 68th Ave., Port., OR 97213    RM ___

to admit or deny the allegations of the Petition and at any subsequent court-ordered hearing.) You must appear personally in the courtroom on the date and the time listed above.  An attorney may not attend the hearing in your place.

*(handwritten across page: not terminate my parenting rights to my child, I'm innocent to this close matter)*

**NOTICE:  READ THESE PAPERS CAREFULLY!**

**A petition has been filed to terminate your parental rights under ORS 419B.500, 419B. 502, 419B.504, 419B.506 or 419B.508.  A copy of the petition is attached.**

**You must personally appear at the date, time, and location noted above, and you must personally appear at any subsequent court-ordered hearings.**  If you do not personally appear as directed above, or personally appear at any subsequent court-ordered hearing, the Court may proceed in your absence, without further notice to you, and terminate your parental rights to the above-named child (ren) either on the date specified in this summons or on a future date, and make such orders and take such action as authorized by law.

~~STATE OF OREGON~~
*(handwritten: Not signed by a true order)*

**County of Multnomah**
c:   DHS R. LUBECK   DDA N. POPKIN
     ATTY     ATTY     ATTY

Issued By: *(handwritten: AB)*
Title: ___ C.T. ___

**TRUE COPY**
BY: ___ *(handwritten: AB)*

SUMMONS:  Civil Process
Date issued: June 11, 2015
SUMMONS TPR REVISION.

*(handwritten: who are these people?? Civil Rights Violation to Family ... )*

## RIGHTS AND OBLIGATIONS

You have a right to be represented by an attorney in this matter. If you wish to be represented by an attorney, please retain one as soon as possible to represent you in this proceeding. If you cannot afford to hire an attorney and you meet the state's financial guidelines, you are entitled to have an attorney appointed for you at state expense. **To request appointment of an attorney to represent you at state expense, you must contact the Juvenile Court immediately. Phone (503) 988-3463, for further information.** If you are represented by an attorney, it is your responsibility to maintain contact with your attorney and to keep your attorney advised of your whereabouts.

This summons requires that you personally appear before the court to admit or deny the allegations of the petition. If you choose to contest the petition the court will schedule a hearing on the allegations of the petition and order you to appear personally and may schedule other hearings related to the petition and order you to appear personally, unless the court has granted you an exception in advance under ORS 419B.918 to appear by other means, including but not limited to, telephonic or other electronic means.

## PROOF OF SERVICE

State of Oregon

County of Multnomah

I, _____ , hereby certify that I am a competent person 18 years of age or older

and a resident of the state or service or the State of Oregon, and that on the_____ day of

_____ , _____, I served a true copy of the said Summons and a true copy of the

Termination Petition on _____ , a person who I reasonably believe to be

the identical person named in the summons, personally and in person, at the address at (location):

_____ at _____ o'clock _____ .

_____
Signature

_____
Date

1

2

# IN THE SUPREME COURT OF THE STATE OF OREGON

3

4

| | |
|---|---|
| In the Matter of M.M.A., a minor child, | Multnomah County Circuit Court |
| | Juvenile Department |
| DEPT. OF HUMAN SERVICES, | |
| Petitioner-Respondent, | Multnomah County Case No. 15JU02788 |
| | Petition No. 111188 |
| v. | |
| | |
| K.A., | CA A161915 |
| | **S064473** |
| Appellant-Petitioner on Review. | **Expedited Juvenile Dependency Case** |
| | |
| | Mother's MOTION TO SUBSTITUTE |
| | COURT-APPOINTED COUNSEL |

13        COMES NOW the Mother in the above-entitled matters, Kristina Allen, by and through her

14   attorney, Megan Jacquot, Pursuant to ORS 419A.211, ORAP 8.12, Public Defense Services

15   Payment Policies and Procedures Section 1.7, and the court's prior approval of counsel, and

16   respectfully moves this court to substitute court appointed counsel for the mother. OPDS originally

17   assigned me to represent the Mother. I am unable to complete the representation because I am

18   starting my judicial term December 1 and the judgment hasn't issued because there is a petition for

19   review pending in S064473. Mr. Perez-Selsky is able to take over the appeal and the substitution

20   has been approved by OPDS.

21        Substitute Counsel's name, address, and telephone number are as follows:

22

23                              Gregorio Aron Perez-Selsky
                                Perez-Selsky Law Office
24                              PO Box 1656
                                McMinnville OR 97128
25                              aron@mcminnvillelegal.com

MOTHER-PETITIONERS MOTION TO SUBSTITUTE COURT-APPOINTED COUNSEL
                                      - 1 -

1  /s/ Megan L. Jacquot                    /s/ G. Aron Perez-Selsky

2  MEGAN L. JACQUOT, OSB #972797      G. ARON PEREZ-SELSKY, #101407

3

4                    CERTIFICATE OF SERVICE

5      I certify that on November 21, 2016, I served a true copy of this MOTION on:

6

7

8  Inge Wells                          Child's Appellate Attorney
   DOJ Appellate Division              Christa Obold-Eshelman
9  1162 Court St NE                    Youth, Rights & Justice
   Salem OR 97301                      401 NE 19th Ave Ste 200
10                                     Portland OR 97232

11

12

13      Ms. Wells and Ms. Obold-Eshelman are registered e-filers and were served by e-
   service.
14

15                    CERTIFICATE OF FILING

16      I certify that on November 21, 2016, I filed the original of this MOET with the
   State Court Administrator at this address:
17

18     State Court Administrator
       Supreme Court Building
19     1163 State Street
       Salem, OR 97310
20

21     By utilizing the appellate court e-filing system.
       Dated this day, November 21, 2016.

22

23                              /s/ Megan L. Jacquot

24
                                Megan L. Jacquot (OSB#97279)
25                              Attorney for Mother-Appellant

MOTHER-PETITIONERS MOTION TO SUBSTITUTE COURT-APPOINTED COUNSEL
                                - 2 -

Megan L. Jacquot · Attorney At Law · 455 S. 4ᵗʰ St., Ste 1 · Coos Bay, OR 97420 · 541/267-2214

To: whome ever it may
accour, DHS INSLAVEMENT

I Kristina Michelle Allen,
is whilling this letter to
ask in requireis of filling
a MISSING PERSON REPORT.
ON: ~~████████████~~ M.M.A.
D.O.B. ~~████████~~ 2008.
SS# N/A.

Knowing Honestly and true,

Sincerly,

~~Kristina M Allen~~   07/03/19.

M. M. A.

6-1-2016

2016



11 yrs old



Judge Stewart
False judgement
for allegation
followed by:
Hear say:
802(a,b)
in
Child exibit 101

To whome ever it may
accour, DHS INSLAVEMENT

08/26/17

I kristine Michelle
Allen
give whom ever it may
accour permission
with this written note
to obtain the Social
security
information
from: Gresham Police dep
Officer: Mark Smith
that i've given him the
# awhile back sometime
trying to get a Welfare
Check on my child and
he did put police or so.
Sincerotrue, Kristine M. Allen.

.ₔ U.S Department of Justice                Certification of Identity          

FORM APPROVED OMB NO.
1103-00 & EXPIRES 10-7-2020

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a. is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response. including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs. Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  Krishna Michelle Allen

Citizenship Status [2]  United States Citizen  Social Security Number [3]  ~~XXX-XX~~-2917

Current Address  Gresham Oregon Post office, General Delivery  97~~XXX~~9999

Date of Birth  ~~XXXXXX~~079    Place of Birth  Wenatchee, Washington

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

Mr. Gresham Police Department, Millers Construction, Mike
Augusta Brisman, to plan money transfer

**Print or Type Name**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]  Kristina M Allen    Date  08/25/19

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

ii

## EXHIBIT INDEX

| STATE'S | DESCRIPTION | OFFERED | REC'D |
|---|---|---|---|
| 3 | Dr. Basham's Report | 261 | 261 |
| 5 | LifeWorks Northwest Records | 190 | 190 |
| 6 | 2014 FIT record | 363 | 363 |
| 10 | Yamhill County Mental Health records | 363 | 363 |
| 11 | Dr. Joshua Laubacher Report | 362 | 363 |
| 13 | NARA Records | 224 | 225 |
| 14 | NARA Records | 224 | 225 |

CHILD'S

| 101 | Certified Copy of Transcript of Judge Greenlick's Findings of Fact | 438 | not received |

*which one is it?*

*was it not recieved or is it a fact?*

*or is it a fact it wasn't recieved?*

1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25

iii

1

## GENERAL INDEX

2

**February 22, 2016.**. . . . . . . . . . . . . . . .  1

3

   Pretrial Matters . . . . . . . . . . . . . . . .  1

4

   State's Opening Statement . . . . . . . . . . .  3

5

   Ms. Underhill's Opening Statement . . . . . . .  9

6

   Mr. West's Opening Statement . . . . . . . . .  10

7

   State Begins Case-In-Chief . . . . . . . . . .  11

8

**February 23, 2016** . . . . . . . . . . . . . . .  189

9

   Colloquy Between Court and Kristina Allen . . . .  262

10

**February 24, 2016** . . . . . . . . . . . . . . .  360

11

   State's Request that Court Take Judicial Notice .  360

12

   Colloquy *(Re: Exhibits)* . . . . . . . . . . . .  362

13

   State Rests . . . . . . .  437

14

   Ms. Underhill Offers Exhibits . . . . . .  438

15

   Ms. Underhill's Offer of Proof . . . . . . .  444

16

   Mr. West Begins Case-In-Chief . . . . . . . .  447

17

   Mr. West Rests . . . . . . . . . . . . . . .  481

18

   State's Closing Argument . . . . . . . . . . .  482

19

   Ms. Underhill's Closing Argument . . . . . . .  488

20

   Mr. West's Closing Argument . . . . . . . . .  491

21

   State's Rebuttal Closing Argument . . . . . . .  496

22

**March 8, 2016** . . . . . . . . . . . . . . . . .  501

23

   Court's Comments. . . . . . . . . . . . . . .  501

24

   Court Reviews Letter Opinion. . . . . . . . . .  503

25

   Court's Ruling . . . . . . . . . . . . . . . .  518

Ms. Underhill Offers Exhibits                    438

1        THE COURT:   Okay.

2        MS. UNDERHILL:   It was an offer that I made

3   during testimony previously and Mr. West objected, so it

4   was findings of fact that Judge Greenlick made in

5   October 2014.  So, again, I would like to offer that.  I

6   have a certified copy of the transcript.  I think it

7   comes in both under OEC 201(b)(2) and 803(8).

8        THE COURT:   Hang on a moment.  First of all, what

9   have you marked this exhibit?

10       MS. UNDERHILL:   Pardon?  This would be Child's

11  Exhibit 101.

12       THE COURT:   Does Mr. West have exhibits marked

13  already?  Are you starting with two?  Have you all

14  discussed this?  Is your -- do you have exhibits?

15       MR. WEST:   No.

16       THE COURT:   All right, 101.  So, and remind me

17  one more time, because you were talking too fast for me,

18  OEC what?

19       MS. UNDERHILL:   201(b)(2) and 803(8).

20       THE COURT:   And 201(b)(2) is what?

21       MS. UNDERHILL:   That's basically judicial notice.

22  A judicially noticed fact must be one that's subject to

23  reasonable dispute in that it is either capable of

24  accurate and ready determination by resort to sources

25  who accuracy cannot reasonably be questioned.  And the

1   fact that I have a certified transcript of the judge's

2   comments.

3       THE COURT:   So you're asking me to take judicial

4   notice as opposed to receiving it as an exhibit?

5       MS. UNDERHILL:    Well, that's one way to do it.

6   I also believe that it comes in under --

7       THE COURT:   As an exception to the hearsay rule

8   under 803(8) which is what?

9       MS. UNDERHILL:   Eight, correct, which is records

10  reports, statements, data in any form of a public office

11  or agency when a matter observed pursuant to a duty

12  imposed by law.  Basically the judge has a duty to

13  listen to the witnesses, make findings of facts, that's

14  what he did.  I have, again, a certified copy of the

15  transcript.

16      THE COURT:   Any objection to the Court receiving

17  Exhibit 101?

18      MR. WEST:   Well, I'll renew my objection.  I

19  believe the Court already ruled on this previously and

20  sustained the objection.

21      THE COURT:   Well, I think what I ruled on was the

22  questioning -- introducing from a witness statements

23  that she heard the judge make in the courtroom, and I

24  sustained that hearsay objection.  Now we have the

25  offering of an exhibit, and so my ruling is not as to

1   the exhibit being offered.

2        MR. WEST:    I understand.  I'll still object

3   here.  I don't believe this falls with what generally

4   comes under the realm of 201(b)(2), judicial notice.

5   This is not such things as, you know, the date of the

6   week or the year or, you know, things that are typically

7   included under judicial notice.  And I --

8        THE COURT:   So let's just address that first.

9   Does the State have a position on judicial notice,

10  whether the Court should take judicial notice?

11       MS. POPKIN:  Your Honor, the State takes no

12  position on that.

13       THE COURT:   Do you want to respond to him?

14  Because I'm in agreement with him on what's appropriate,

15  things for me to take judicial notice of.

16       MS. UNDERHILL:  Judicial notice includes findings

17  of facts, and that's what this is and it's a --

18       THE COURT:   And findings of fact in litigation,

19  there is a reference --

20       MS. UNDERHILL:  Right.  Finding a witness not

21  credible, finding of fact about the demeanor of a

22  witness.

23       THE COURT:   201.  Well, certainly, it's not --

24  your cite is 201(b)(2)?

25       MS. UNDERHILL:   Correct.

Ms. Underhill Offers Exhibits                                    441

1          *(Pause)*

2          THE COURT:   Well, okay.  So, looking at

3    *Kirkpatrick,* who often guides me in these issues, his

4    description of the kinds of evidence that are

5    appropriate under this subsection is that -- *(Pause)* --

6    that the facts be generally indisputable because either

7    it's generally known within the territorial jurisdiction

8    or it's capable of accurate and ready determination by

9    resort to sources whose accuracy cannot be reasonably

10   questioned.

11         So the standard for judicial notice is strict.  It

12   should only -- one court in Oregon -- or federal court,

13   has commented that it should only apply to self- evident

14   truths that no reasonable person could question, truisms

15   that approach platitudes or venalities.

16         What you're asking me to do is accept an exhibit

17   which has another judicial officer's findings.  So are

18   you asking me -- and then what are you asking me to do

19   once I have that judicial officer's findings?  Somehow

20   extrapolate because he found Mother not credible in one

21   finding that somehow that determination should apply to

22   my determinations of credibility in this proceeding?

23         MS. UNDERHILL:   That is not what I'm asking you.

24         THE COURT:   So what's the underlying purpose for

25   you offering this exhibit?  Let's go there.

Ms. Underhill Offers Exhibits

1      MS. UNDERHILL:   To show that the mother's
2   presentation and behavior has been consistent over the
3   time in this case.
4      THE COURT:   Oh, his -- I'm sorry, his finding was
5   not as to credibility, it was --
6      MS. UNDERHILL:   Well, it was as to credibility,
7   but that is not my emphasis at all, in fact I think you
8   may be wrong about that, but it has to do with his --
9      THE COURT:   Finding that she was intoxicated by
10   the use of drugs?
11      MS. UNDERHILL:   -- she appeared to be under the
12   influence.
13      THE COURT:   Okay.  Well, I am not going to admit
14   it under the first argument, which is the Court should
15   take judicial notice of the other court's findings in
16   that case.  But I want to look at 803(8) and that
17   exception is -- is that a business record exception?
18      MS. UNDERHILL:   No, Your Honor, that's six, this
19   is eight.
20      THE COURT:   Okay, eight.
21      MS. UNDERHILL:   Which is another...
22      THE COURT:   Public records, okay.  So it's the
23   public records exception.  Records, reports, statements,
24   data compilations of public offices or agencies.
25      So, Mr. West, let me hear you respond to the

1    request under the public records.

2    MR. WEST:    Well, I think that there's still

3    problems with -- my objections would be based on

4    hearsay, would be based on relevance to this proceeding

5    and the questions here today, and also due process in

6    terms of lack of confrontation opportunity.

7    THE COURT:    Well, I would overrule your

8    objections as to the first two criteria and say that if

9    it's a certified true copy it would otherwise be

10   admissible under public records.  But why don't you

11   respond to the confrontation objection.  So...

12   MS. UNDERHILL:    Well, I don't think I can, Your

13   Honor.  The mother was not a party, she was a witness in

14   that hearing.  She was not -- I mean, she's a party but

15   that -- that trial had to do with the father in the

16   dependency case.

17   THE COURT:    No, I understand.  Her objection is

18   that by me taking the judge's observations, he's not

19   here for Mr. West to question about his ability to

20   observe, anything else that he might want to ask a

21   witness about.

22   MS. UNDERHILL:    Well, Your Honor, given that

23   it's a transcript of the judge's findings and he had an

24   opportunity to look at the witness, I just don't see

25   that as a pertinent objection.

Ms. Underhill's Offer of Proof

1   THE COURT:   Okay.  I'm going to sustain the
2   objection, I will not receive the exhibit.
3       MS. UNDERHILL:    Your Honor, I would like to make
4   an offer of proof.
5       THE COURT:   Absolutely.  Offer of proof will be
6   affected.  I will not review that exhibit for purposes
7   of my determination.
8       MS. UNDERHILL:    And just for the record, Your
9   Honor, I have one piece of --
10      THE COURT:   I'm sorry, to interrupt, I'll give
11  you a continuing objection to that.
12      MS. UNDERHILL:    Okay.  And I have -- there is
13  just one page that was of importance to me in terms of
14  this hearing, so I just made a copy of that.
15      THE COURT:   Okay.
16      MS. UNDERHILL:  But this is the entire transcript.
17      THE COURT:   But the only portion of that
18  transcript that you're offering is what's reflected in
19  that written page of transcript?
20      MS. UNDERHILL:    Yes.
21      THE COURT:   All right.  Thank you.  So we will
22  receive the offer of -- well, we'll accept the offer of
23  proof, but it's not received as an exhibit in this
24  hearing.
25      Mr. West -- anything else, Ms. Underhill, as far

**U.S Department of Justice**   <span style="text-align:center">**Certification of Identity**</span>   

FORM ▪ ▪▪▪▪▪▪▪▪▪
: 15-30 : EXPIRES ▪▪▪▪▪

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]   _Kristina Allen_

Citizenship Status [2]   _US citizen_      Social Security Number [3]   _▓▓▓▓▓▓▓-2917_

Current Address   _Gresham General delivery_

Date of Birth   _▓▓▓/1979_      Place of Birth   _Wenanchee, Washington_

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to

_Federal Congress and United State white_
_Senate house and united state senial the Merchandise_

<span>Print or Type Name</span>

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]   _Kristina M Allen_      Date   _08/16/19_

---

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-36.

**U.S Department of Justice**                **Certification of Identity**



FORM APPROVED OMB NC
1103-0016 EXPIRES

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project,(1103-0016), Washington, DC 20503.

Full Name of Requester [1]     *Kristinhna M. Allen*

Citizenship Status [2]   *U.S Citizen*   Social Security Number [3]   ~~XXXXX~~2017

Current Address   *Gresham General delivery*

Date of Birth   ~~XXXXX~~ *1979*      Place of Birth   *Wenanchee, Washington*

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

*United States department of justice and*
*The FBI*                    **Print or Type Name**     *national air guard*   Adjutant General M.
                                                                                *National air affairs*   Stencel

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]   *Kristina M. Allen*    Date   *08/25/19*

---

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

OSB : January 23, 2018.

Soliciting

Benjamin

101.

CHILD EXIBIT 101. Feb-22-28.

On Judgement for

## This side of the ballot contains additional information about Measure 101.

### To vote, turn this ballot over and mark your choice.

**Summary:** This measure asks voters to approve or reject temporary assessments created as part of House Bill 2391, enacted by the 2017 Oregon Legislature to address certain health care funding issues. The House Bill provided funding to pay costs for providing health care to low-income adults, children, families, and individuals with disabilities, and to stabilize premiums charged by insurance companies for health insurance purchased by individuals and families. The House Bill provided the funding through 1.5 percent assessments on premiums and premium equivalents (defined in the House Bill) of health insurance companies, the Public Employees' Benefit Board, and managed care organizations for a two-year period, and additional 0.7 percent assessments on the net revenue of some hospitals that begins on October 6, 2017, and ends on July 1, 2019. This measure asks voters to approve or reject the assessments on insurance companies, the Public Employees' Benefit Board, and managed care organizations, and specifies that insurance companies may not increase rates on health insurance premiums by more than 1.5 percent as a result of these assessments. If this measure passes, the assessments on some hospitals will be approved, subject to approval by a federal agency. If the measure does not pass, the assessments on some hospitals will either be rejected, or delayed until approved by a federal agency.

**Estimate of Financial Impact:** Revenue from this measure is included in the 2017-19 state budget to pay for health care for low-income adults, children and families and individuals with disabilities and to stabilize health insurance premiums paid by individuals and families.

Revenue will come from a 0.7% assessment on certain hospitals, as well as a 1.5% assessment on the Public Employees Benefit Board, managed care organizations, and insurers. Insurers may not increase rates for consumers by more than 1.5% to recover this assessment.

If the measure passes, the health care program and health insurance premiums stabilization program are funded as adopted by the 2017 Legislative Assembly.

If the measure is defeated there will be a reduction of $210-$320 million in state revenue, resulting in a possible reduction of $630-$960 million, or more in federal Medicaid matching funds. The total revenue reduction to the 2017-19 state budget may be $840 million-$1.3 billion or more.

Although there is no direct financial effect on local government revenues, there may be an indeterminate effect on local government expenditures related to increases in associated insurance assessments. There is likely to be an indirect and indeterminate effect on the state economy and local government revenues and expenditures.



**Official Ballot - Special Election**
**Multnomah County, OR**
**January 23, 2018**

4910

L

### Instructions To Voter

Please Use A Blue or Black Pen.

Completely fill in the oval ⬤ to the left of your choice to be sure your vote will be counted.

### ❗ Attention!

Remember to inspect your ballot for mistakes! If you make a mistake or damage your ballot, call Multnomah County Elections Office at (503) 988-3720.

### ❗ Check for Errors

If you vote for more options than allowed, your vote will not count for this measure.

---

**Referendum Order by Petition of the People**

**Measure 101**

Approves temporary assessments to fund health care for low-income individuals and families, and to stabilize health insurance premiums. Temporary assessments on insurance companies, some hospitals, and other providers of insurance or health care coverage. Insurers may not increase rates on health insurance premiums by more than 1.5 percent as a result of these assessments.

**Result of "Yes" Vote:** "Yes" vote approves temporary assessments on insurance companies, some hospitals, the Public Employees' Benefit Board, and managed care organizations. Assessments provide funding for health care for low-income individuals and families, and individuals with disabilities; also stabilize premiums charged by insurance companies for health insurance purchased by individuals and families. Insurance companies may not increase rates on health insurance premiums by more than 1.5 percent as a result of the assessments. Hospital assessments may not begin without approval by a federal agency.

**Result of "No" Vote:** "No" vote rejects temporary assessments on insurance companies, the Public Employees' Benefit Board, and managed care organizations; and either rejects or delays temporary assessments on some hospitals. Assessments rejected (or delayed) by a "no" vote are currently budgeted to fund health care for low-income individuals and families and individuals with disabilities and for stabilizing the costs of insurance premiums. As a result, a "no" vote would underfund these budgeted costs.

○ Yes

○ No

**More information about Measure 101 is on the other side of this ballot.**

❗ **Warning**

Any person who, by use of force or other means, unduly influences an elector to vote in any particular manner or to refrain from voting is subject to a fine. (ORS 254.470)

Card 1 - 4910 (1)

FILED
Appellate Court Records
September 7, 2016 6:44 PM

IN THE COURT OF APPEALS OF THE STATE OF OREGON

In the Matter of M.M.A.,
a Minor Child.

Multnomah County Court
Case No. 15JU02788

Petition No. 111188

DEPARTMENT OF HUMAN
SERVICES and M.M.A.,

CA A161915

Petitioners-Respondents,

CONFIDENTIAL BRIEF UNDER
ORS 419A.255

v.

K.A.,

EXPEDITED TERMINATION
OF PARENTAL RIGHTS CASE

Appellant.

RESPONDENT-CHILD'S CONFIDENTIAL ANSWERED BRIEF

Appeal from the Judgment of the Multnomah County Circuit Court
Entered on March 23, 2016
Honorable Diana I. Stuart, Judge

(Counsel listed on following page)

September 2016

pg. 1.

OEC 201(b)(2).
&
803 (8).

"Basically
Judicial
notice"

CHILD EXHIBIT
101

Christa Obold Eshleman, OSB #043801
Youth, Rights and Justice
401 NE 19th Avenue, Suite 200
Portland, OR 97232
Telephone: (50) 232-2540
Attorney for Respondent-Child

*JUVENILE RIGHTS*
*Kathryn Underhill*
*@ Youth Rights*
*(500)*

Megan L. Jacquot, OSB #972797
Attorney at Law
455 S. 4th St., Ste. 1
Coos Bay, OR 97420
Telephone: (541) 267-2214
Attorney for Appellant-Mother

ELLEN ROSENBLUM, OSB #753239
Attorney General
BENJAMIN GUTMAN, OSB #260848l
Solicitor General
Shannon T. Reel, OSB #153808
Assistant Attorney General
DOJ Appellate Division
1162 Court St. NE
Salem, OR 97301-4096
Telephone: (503) 378-4402
Attorneys for Petitioner-Respondent