IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KRISTINA MICHELLE ALLEN**, | Case No. 3:19-cv-01504-IM |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| **DIANA STEWERT, et al.**, | |
| Defendants. | |

**IMMERGUT, District Judge.**

Plaintiff brings this proceeding pro se. This Court previously granted Plaintiff leave to proceed *in forma pauperis*. ECF 5. For the reasons set forth below, this Court denies Plaintiff's motion for appointment of counsel, ECF 3, dismisses Plaintiff's complaint, ECF 2, and revokes Plaintiff's *in forma pauperis* status.

## DISCUSSION

The court must dismiss an action initiated by a party proceeding *in forma pauperis*, if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) (observing that this section applies even if plaintiff is not incarcerated).

PAGE 1 – ORDER

There are six defendants named in Plaintiff's complaint. ECF 2. They are two Oregon state judges, Oregon Attorney General Ellen Rosenblum, Oregon Solicitor General Benjamin Gutman, and two other lawyers, Attorney Popkin and Attorney Underhill—a deputy district attorney and a child welfare attorney, respectively. *See id.* Attachments to the complaint suggest that these defendants were associated with a state-court proceeding that adjudicated Plaintiff's parental rights. *See* ECF 2-2. (including state court filings, transcripts, and notices; an Oregon election ballot; and other typed and handwritten documents).

Plaintiff asserts that this Court has subject-matter jurisdiction because the case presents a federal question. ECF 2 at 3; *see generally* 28 U.S.C. § 1331 (granting federal courts original jurisdiction in civil actions arising under the Constitution and laws of the United States). Plaintiff further states that the federal laws at issue in her case are "[b]roken amendment #12," "child endangering," "false persecution," "frauding Constitution," "civil right violation," and "child human trafficking." ECF 2 at 3. To the extent that this Court can determine, Plaintiff seeks as relief an order to:

> Unite me and my child and make a domestic new law for women [and] children instead of stealing children from schools to false prophet . . .

*Id.* at 4.[1]

As Plaintiff does not allege any particular cause of action, this Court proceeds by determining if plaintiff has alleged a cognizable claim under 42 U.S.C. § 1983. Plaintiff is proceeding pro se, and therefore this Court construes the pleadings liberally and affords Plaintiff

---

[1] Plaintiff has filed her complaint using the district's pro se template; the quoted statement is written as a response to a question asking the amount in controversy to establish diversity jurisdiction. *See* ECF 2 at 4; *see generally* 28 U.S.C. § 1332 (granting federal courts original jurisdiction in civil actions between citizens of different states and with an amount in controversy exceeding $75,000). Plaintiff's separate response to the "Relief" section is incomprehensible. *See* ECF 2 at 4.

the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state a claim for relief under section 1983, the complaint must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). The court need not accept conclusory allegations as truthful. *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992).

This Court dismisses Plaintiff's complaint because in several respects, it fails to state a claim on which relief may be granted. First, although Plaintiff alleges that Defendants are "frauding Constitution" and committing a "civil right violation," the complaint does not identify any specific rights that have been violated. *See Keniston v. Roberts*, 717 F.2d 1295, 1298 (9th Cir. 1983) (holding that a complaint brought under section 1983 should identify the rights deprived in order to state a colorable claim for relief). Second, to the extent that Plaintiff does identify any rights violated, she has not pled these allegations with the specificity required. In order to state a claim, a plaintiff must allege facts giving rise to a reasonable inference that the named defendants were personally involved in the alleged constitutional violation. *See McHenry*

*v. Renne*, 84 F.3d 1172 1179–80 (9th Cir. 1996) (affirming dismissal of complaint which failed to "say which wrongs were committed by which defendants").

Third, the judicial defendants are entitled to absolute immunity from damages actions for judicial acts taken within the jurisdiction of their courts. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *see also Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (setting forth factors relevant to determine whether an act is judicial in nature). Even serious procedural errors or acts in excess of judicial authority do not displace this immunity. *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978). "A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). Construed liberally, the complaint provides no allegations suggesting acts by the judicial defendants "in the clear absence of all jurisdiction." *See id.* Accordingly, the complaint fails to state a claim against the judicial defendants.

Finally, and in addition to the previously stated reasons, federal-court jurisdiction is inappropriate here. Plaintiff's claims appear to arise from a state-court proceeding that adjudicated Plaintiff's parental rights. *See* ECF 2-2. Under the *Rooker-Feldman* doctrine, this Court lacks subject-matter jurisdiction to hear a direct appeal from the final judgment of a state court. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). This rule bars hearing federal claims "inextricably intertwined" with an issue resolved by a state court, as exercising jurisdiction would constitute a forbidden de facto appeal. *Id.* at 779, 782. In addition, federal courts traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child. *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987).

PAGE 4 – ORDER

Plaintiff also moves for appointment of pro bono counsel. ECF 3. Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, under 28 U.S.C. § 1915(e)(1), the court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Id.*; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). However, the court has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301–08 (1989).

In order to determine whether exceptional circumstances exist, the court evaluates the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate her claims pro se considering the complexity of the legal issues involved. *Wood*, 900 F.2d at 1335–36; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Wilborn*, 789 F.2d at 1331; *see Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, Plaintiff has not demonstrated a likelihood of success on the merits. Moreover, this Court does not find that any difficulty Plaintiff "experienced in attempting to litigate [her] case derived from the complexity of the issues involved." *Wilborn*, 789 F.2d at 1331. Any difficulties she faced are "difficulties which any litigant would have in proceeding pro se; they do not indicate exceptional factors." *Wood*, 900 F.2d at 1335–36. Thus, the motion of appointment of pro bono counsel is denied.

## CONCLUSION

Plaintiff's motion for appointment of counsel, ECF 3, is DENIED. Plaintiff's complaint, ECF 2, is DISMISSED with prejudice as to all claims. This Court does not grant Plaintiff leave to amend because it is apparent that the deficiencies of the complaint cannot be cured by

PAGE 5 – ORDER

amendment. *See Shucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam).

Plaintiff's *in forma pauperis* status is revoked because an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

DATED this 17th day of October, 2019.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 6 – ORDER